UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LARRY MADISON,**

Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　　　Case No: 6:16-cv-974-Orl-28KRS

**ATTORNEY GENERAL, STATE OF FLORIDA and SECRETARY, DEPARTMENT OF CORRECTIONS,**

Respondents.
_____/

## ORDER

THIS CAUSE is before the Court on Petitioner Larry Madison's Amended Petition for Writ of Habeas Corpus ("Amended Petition," Doc. 7) filed pursuant to 28 U.S.C. § 2254. Respondents filed a Response and Supplemental Response to Amended Petition (Doc. Nos. 20, 23) in compliance with this Court's instructions. Petitioner filed Replies to Respondents' Response and Supplemental Response to Amended Petition (Doc. Nos. 22, 16).

Petitioner asserts two grounds for relief in the Amended Petition: (1) he was convicted of two non-existent offenses in case 48-2010-MM-12936 (Ground One), and (2) the state courts improperly denied his illegal search and seizure claim (Ground Two). For the following reasons, the Amended Petition will be denied.

### I. PROCEDURAL HISTORY

Petitioner was charged in case 48-2010-MM-012936 with two counts of carrying a concealed weapon (Counts One and Two) and resisting an officer without violence (Count Three). (Doc. 23-1 at 5-6). Pursuant to a plea agreement, Petitioner entered a plea of *nolo contendere* to all counts. (*Id.* at 9-10). On April 21, 2011, the County Court of the Ninth Judicial Circuit of

Florida sentenced Petitioner in accordance with the plea agreement to 115 days in jail with credit for 115 days of time served. (*Id.* at 9-11). Petitioner did not appeal his convictions but subsequently filed a petition for belated appeal, which was granted. (*Id.* at 17; Doc. 23-2 at 61-63). The circuit court affirmed Petitioner's convictions, *see* Doc. 23-2 at 61-63, and Petitioner appealed. The Fifth District Court of Appeal of Florida ("Fifth DCA") construed the appeal to be a petition for writ of certiorari and denied relief. (Doc. 23-3 at 2, 40). Petitioner filed a motion for rehearing, which was denied on March 29, 2016. (*Id.* at 72). Petitioner filed a petition for discretionary review with the Supreme Court of Florida, which dismissed the petition for lack of jurisdiction on May 5, 2016. (*Id.* at 82).

Petitioner, who was on felony probation in case 48-2008-CF-1533 at the time he entered his plea in 48-2010-MM-012936, subsequently entered a plea of no contest to violation of probation pursuant to a plea agreement. (*Id.* at 84-85). The state court sentenced Petitioner in accordance with the plea agreement to a twelve-year term of imprisonment. (*Id.*).

Petitioner initiated the instant action on June 1, 2016.[1] (Doc. 1).

## II. ANALYSIS

Petitioner challenges his convictions in case 48-2010-MM-12936 for which he was sentenced to 151 days of time served. A district court has jurisdiction to consider a petition raised pursuant to § 2254 if the petitioner is "in custody pursuant to the judgment of a State court. . . ." 28 U.S.C. § 2254(a). The "in custody" provision requires "the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Typically, if the petitioner's sentence has fully expired prior to filing the petition, the "in custody" requirement is not satisfied. *Id.* at 492. An exception exists, however,

---

[1] Respondents concede that the instant action was timely filed. (Doc. 23 at 6).

"when the § 2254 petition can be construed as asserting a challenge to the current state sentence that was enhanced by an allegedly invalid prior state conviction. . . ," in which case the petitioner is deemed to be "in custody." *Green v. Price*, 439 F. App'x 777, 782 (11th Cir. 2011) (citing *Maleng*, 490 U.S. at 493–94 and *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 399–402, (2001)). Therefore, a petitioner challenging a sentence for violation of probation stemming at least in part from a prior conviction on which the petitioner is no longer in custody satisfies the "in custody" requirement. *See, e.g., Green*, 439 F. App'x 777 at 782.

In the instant case, Petitioner contends he is serving a twelve-year term of imprisonment directly as a result of his convictions in case 48-2010-MM-12936. (Doc. 25 at 1-2). Consequently, Petitioner has satisfied the "in custody" requirement. Nevertheless, a petitioner "may not collaterally attack the prior expired state sentence unless the petitioner alleges that the prior state conviction was obtained in violation of his Sixth Amendment right to counsel announced in *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799 (1963)."[2] *Green*, 439 F. App'x at 782 (citing *Lackawanna*, 532 U.S. at 404); *see also Hubbard v. Haley*, 317 F.3d 1245, 1256 n. 20 (11th Cir. 2003) (noting that the exception recognized in *Lackawanna* was not implicated where the petitioner was represented by counsel at trial); *Jackson v. Sec'y for Dep't of Corr.*, 206 F. App'x 934, 937 (11th Cir. 2006) (concluding petitioner could not challenge expired conviction because he failed to show a "*Gideon*-type" violation). Petitioner has not alleged, nor can he establish, that he was convicted without counsel in case 48-2010-MM-12936 in contravention of *Gideon*. Review of the record establishes Petitioner was represented by counsel when he entered his plea and was sentenced in case 48-2010-MM-12936. *See* Doc. 23-1 at 9-10, 12. Consequently,

---

[2] *Gideon* held that a state court's refusal to appoint trial counsel, upon request, to an indigent defendant accused of a non-capital felony violated due process. 372 U.S. at 343-45.

Petitioner is prohibited from challenging his expired convictions in case 48-2010-MM-12936 because he has failed to show a *Gideon*-type violation.

### III. CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. The Amended Petition (Doc. 7) is **DENIED**, and this case is **DISMISSED with prejudice.**

2. Petitioner is **DENIED** a Certificate of Appealability.

3. Petitioner's construed Motion for Default Judgment (Doc. 24) is **DENIED**.

4. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on March 28, 2017.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties